IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD EVANS,                       :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :
                                     :   CIVIL ACTION 14-0303-M
CAROLYN W. COLVIN,                   :
Social Security Commissioner,        :
                                     :
    Defendant.                       :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument was waived in this action (Doc. 19).  After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further proceedings not inconsistent with the Orders of the Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

    At the time of the administrative hearing, Plaintiff was thirty years old, had received a certificate that he had attended high school (Tr. 37), and had previous work experience as a tire changer, oil changer, and furniture mover (Tr. 45). In claiming benefits, Evans alleges disability due to mild mental retardation and cervical and lumbar degenerative disc disease (Doc. 11).  It should be noted that Evans "has already been found eligible for Supplemental Security Income benefits ("SSI"), pursuant to Title XVI of the Act (Tr. 97-98)" (Doc. 15, n.3).

    The Plaintiff applied for disability benefits on January 27, 2010, alleging an onset date of October 30, 2009 (Tr. 207-08).  An Administrative Law Judge (hereinafter *ALJ*) denied benefits (Tr. 81-91); however, the Appeals Council remanded the action back for two determinations:  (1) whether Evans's

2

earnings from 2004 through 2009 were substantial gainful activity (hereinafter *SGA*); and (2) if yes, were the Supplemental Security Income (hereinafter *SSI*) payments Evans had received inappropriately paid (Tr. 97-98).

On remand, the ALJ determined that Evans had engaged in SGA since October 30, 2009, his alleged disability onset date, as the work performed "involved significant physical or mental activities, and [] the claimant did this work in anticipation of pay or profit" (Tr. 12). The ALJ then held that this finding precluded using the doctrine of collateral estoppel. The ALJ further held that Evans did not meet the requirements of any Listing and could not return to his past relevant work but could perform medium exertion jobs (Tr. 10-25). Plaintiff requested review of the hearing decision (Tr. 190-93) by the Appeals Council, but it was denied (Tr. 1-5). The relevant evidence of record follows.

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Evans alleges that: (1) The ALJ failed to apply the doctrine of collateral estoppel in reaching his determination; and (2) Plaintiff is mentally retarded, meeting the requirements of Listing 12.05C (Doc. 12). Defendant has responded to—and denies—these claims (Doc. 15).

The Court notes that Plaintiff, in his brief, has made the

3

following argument regarding his first claim.  As it has gone, essentially, unanswered by Respondent (Doc. 15, pp. 10-11), the Court will set it out herein in its entirety:

> **1.  The ALJ erred in failing to properly apply the doctrine of collateral estoppel, which requires him to adopt the findings of the Title XVI claim in connection with the Title II claim.**
>
>    Mr. Evans applied for SSI benefits in 1993, which were approved under the childhood SSI rules.  In 1998, his claim was reviewed and deemed ceased under the adult SSI rules.  On February 18, 1999, ALJ Calvin Washington issued a Fully Favorable Decision finding his disability had not ceased and he continued to be disabled based on the severe impairment of mild mental retardation.  None of the SSI determinations are included in the record before the Court.
>    Mr. Evans filed the current application on January 27, 2010. (Tr. 207-08).  At the hearing [before] the ALJ on June 15, 2011, the ALJ took testimony regarding the SSI claim, confirming Mr. Evans had collected SSI while he was in school, the SSI was stopped while he worked, and the SSI benefits resumed after he stopped working. (Tr. 56).  At the hearing on September 25, 2012, Mr. Evans testified he had repaid an overpayment on his SSI record and his SSI benefits had been reinstated to the full amount. (Tr. 34-35).
>    When remanding the claim after the ALJ's first denial, the Appeals Council raised the likelihood that collateral estopped would apply to this case, based on the prior SSI decision.
>    The Hearing, Appeals and Litigation Law Manual (HALLEX) and the Social Security Regulations address the doctrine of collateral estoppel.  "When an [ALJ] has for decision an issue which has already been

4

decided in a previous determination or decision in a claim involving the same claimant, but arising under a different title of the Social Security Act, the ALJ will not consider the issue again. In this situation, the ALJ will apply the doctrine of collateral estoppel and accept the factual finding made in the previous determination or decision, and a statement that such finding is binding in the current claim." (HALLEX I-2-2-30, citing 20 C.F.R. § 404.950(f)).

The SSA's Program Operations Manual System (POMS) indicates collateral estoppel applies as long as the rules for determining disability have not changed; and there is no reason to question the correctness of the prior determination. (POMS DI 27515.001).

In fact, the ALJ did not apply the doctrine of collateral estoppel, even though the Appeals Council suggested it might apply to this case. He reviewed the earnings records to determine Mr. Evans had engaged in substantial gainful activity (SGA) during the years 2004 through 2009. He then concluded, "The undersigned finds that based on the fact that the claimant has engaged in substantial gainful activity, the doctrine of collateral estoppels does not apply." (Tr. 14). The ALJ provided no basis for his opinion that engaging in SGA precluded the application of collateral estoppel. The regulations likewise do not address SGA in relation to collateral estoppel.

The final SSI decision in this case is the 1999 determination that Mr. Evans continued to be disabled. Fifteen years have passed since that determination. The social security regulations allow a SSI application to be reopened more than four years later only for fraud or similar fault. POMS DI 27505.001(A)(4)(c). There is no allegation or evidence of fraud in this case.

During the fifteen years since the final SSI determination, Mr. Evans engaged in work activity that resulted in an

5

overpayment of his SSI benefits, and his SSI benefits were reinstated when he stopped working. (Tr. 34, 56). Clearly he remains eligible for SSI benefits. As the disability rules for SSI and social security disability are the same, medical eligibility for one Title should result in medical eligibility for the other Title. This is the purpose of collateral estoppel. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322[, 326] (1979).

The only possible reason an ALJ would be allowed to consider the same issue would be if there are reasons to believe the prior decision was incorrect. However, the ALJ made no such assertion. He completely ignored the prior determinations and thereby neglected to justify his failure to apply collateral estoppel.

Case law supports the doctrine, finding that work activity can interrupt periods of eligibility without ending eligibility. A claimant whose impairment meets a listing is disabled regardless of the fact that he or she worked in the past with the impairments or could return to his or her past work. *Ambers v. Heckler*, 736 F.2d 1467, 1469-70 (11th Cir. 1984). In *Ambers*, the court found that a mentally retarded claimant who was gainfully employed in the past is disabled upon the cessation of employment. Id. at 1469; see also *Powell ex rel. Powell v. Heckler*, 773 F.2d 1572, 1576-77 (11th Cir. 1985) (finding that a claimant with a long-standing mental illness was eligible for disability benefits for those periods from 1978 to 1982 during which his income was below that sufficient to constitute substantial gainful activity.).

In *Vaughn v. Astrue*, 494 F.Supp.2d 1269 (N.D. Ala. 2007), the court faulted the

6

> ALJ's decision which apparently relied on the claimant's ability to perform her past jobs even though she satisfied the requirements of Listing 12.05C.  Id. at 1274.  The court concluded that the ALJ misapplied the law because once the claimant is "found to suffer from a Listed impairment, vocational factors are irrelevant."  Id.
> 
> The ALJ erred in failing to apply the doctrine of collateral estoppel in this matter.  He should have developed the evidence by obtaining the prior SSI determination to determine which issues were not to be re-adjudicated.  He then should have limited his determination to other issues.  This case is due to be remanded for proper application of collateral estoppel.

(Doc. 12, pp. 2-4).  In Response, the Government asserts that the ALJ did implicitly what he was instructed to do explicitly, *viz.*, find that the earlier determination of mental retardation under Listing 12.05C was wrong (Doc. 15, pp. 10-11).

The Court finds the Government's response an acknowledgment that the ALJ has not done the job he was instructed to do.  The law presented by Plaintiff shows that his mental retardation was established in the granting of SSI benefits.  The Title II and Title XVI Listing requirements are the same and have not changed.  The ALJ must either uphold the original finding and proceed with those findings or show cause why they are to be set aside and advance from that point.  The ALJ, in this most recent determination, has done neither.

The Court would further note that Plaintiff's second

argument, that he meets the requirements of Listing 12.05C, needs revisiting as well, should resolution of the first issue not satisfy the question of disability.  The ALJ's reliance on the results of an outdated test with less than full data presented represents, in this Court's mind, something less than substantial evidence.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's past SSI finding of disability.  Judgment will be entered by separate Order.

DONE this 12th day of March, 2015.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE