```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         NORTHERN DIVISION


RICHARD EVANS,                       :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :    CIVIL ACTION 14-0303-CG-M
                                     :
CAROLYN W. COLVIN,                   :
Commission of Social Security,       :
                                     :
     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Evans's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 23), and Defendant's Response (Doc. 24).  After considering the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $2,066.42 and $492.96 in court costs and litigation expenses.

Plaintiff filed this action on June 30, 2014 (Doc. 1).  On March 12, 2015, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 21).  Judgment was entered in favor of Plaintiff and against Defendant

1

(Doc. 22).

On April 10, 2015, William T. Coplin, Jr., Plaintiff's Attorney, filed an EAJA Fee Application requesting a fee of $2,066.42, computed at an hourly rate of $189.58 for 10.9 hours spent in this Court; additionally, Coplin requests $492.96 in court costs and expenses (Doc. 23).  Defendant, in her Response filed on April 20, stated that she had no objection to the requested fee, noting that payment should be made to Plaintiff rather than to her Attorney (Doc. 24).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate

2

Procedure. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, three statutory conditions must be satisfied before EAJA fees may be awarded. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file a fee application within the thirty-day period; also, the claimant must be a prevailing party. Finally, the Government's position must not be substantially justified.

Defendant apparently concedes all three EAJA requirements (*see* Doc. 24). The Court finds that they have been met.

Having found the prerequisites satisfied, the Court will discuss the fee to be awarded. EAJA is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may

3

> reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted). Counsel must use professional judgment in billing under EAJA. A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights. *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

After examining Plaintiff's Attorneys' Application, and supporting documentation, and considering the reasonableness of the hours claimed, the Court finds that the 10.9 hours Coplin spent prosecuting this action is reasonable.

In determining the hourly rate to apply in a given EAJA case, statutory language states as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1]

The applicant bears the burden of producing satisfactory

---

[1] Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

evidence that the requested rate is in line with prevailing market rates.  *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support thereof, the court may make an award on its own experience.  *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where the documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but, traditionally, it has had the power to make an award with no need of further pleadings or an evidentiary hearing.  *Id.*

Beginning in 2001, the prevailing market rate in the Southern District of Alabama was $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001).  However, in 2007, U.S. Magistrate Judge Cassady fashioned a formula to adjust the prevailing market hourly rate to account for the ever increasing cost-of-living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

(Doc. 32)).  As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is as follows:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted'" (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The complaint was prepared on June 17, 2014 (Doc. 23, Attachment 3) and the Court entered its Memorandum Opinion and Order and Judgment on March 12, 2015 (Docs. 23-24), so the temporal midpoint in this action was October 29, 2014.  The CPI-U for October 2014 was 231.13.  Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 231.13/152.4, the computation of which renders an hourly rate of $189.58.  This hourly rate for 10.9 hours equals $2,066.42.

The Court notes that, in the application for Attorney's

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment."  *Lucy v. Barnhart*.  Civil Action 06-0147-C (S.D.

Fees, Counsel for Plaintiff requests that any award of attorney's fees be paid to him rather than to Plaintiff (Doc. 23, p. 1).  The Government argues that payment should only go to the Plaintiff (Doc. 24).

   As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*."   28 U.S.C. § 2412(d)(1)(A).   In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."   *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.), *cert. denied*, 555 U.S. 1072 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.  Under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to

Ala. Doc. 31, at p. 3).

Plaintiff Richard Evans and not to his Attorney.

The Court further notes that Coplin also seeks reimbursement for the $400.00 filing fee paid on Evans's behalf when the complaint was filed (*see* Doc. 23, Attachment 3; *see also* Docket Sheet Entry for Doc. 1).  Counsel also seeks expenses in the amount of $80.00 for service of process on the United States Attorney, $6.48 for certified mail to the Regional Chief Counsel, and $6.48 for certified mail to the Attorney General; this totals $92.96 in expenses (Doc. 23, Attachment 3).

It is clear that court costs and expenses are compensable under EAJA.  *Davis v. Apfel*, 2000 WL 1658575, *4 (M.D. Fla. August 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.'  28 U.S.C. § 2412(a)(1) & ((d)(1)(A).  It is undisputed that Davis incurred $150.00 in costs in the form of the filing fee.  She is entitled to recover this amount"); *see also Huitt v. Apfel*, 2000 WL 726914, *3 (S.D. Ala. May 25, 2000) ("[P]laintiff is entitled to court costs of $150.00 and expenses of litigation in the amount of $56.40" for service of process and certified mail postage).  Therefore, Plaintiff is entitled to recover the $400.00 filing fee and the $92.96 in litigation expenses paid in this action.  The filing fee portion and litigation expenses of the EAJA award are to be reimbursed from

9

the Judgment Fund administered by the United States Department of Treasury.  *See Reeves v. Barnhart*, 473 F.Supp.2d 1173, 1174 (M.D. Ala. 2007), *aff'd sub nom. Reeves v. Astrue*, 526 F.3d 732 (11th Cir.), *cert. denied*, 555 U.S. 1072 (2008).

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA Attorney's fee in the amount of $2,066.42 plus $492.96 in court costs and litigation expenses.

DONE this 8th day of May, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE